

U.S. Department of Justice

Ronald C. Machen Jr.
United States Attorney

*District of Columbia*

---

*Judiciary Center*
*555 Fourth St., N.W.*
*Washington, D.C. 20530*

May 14, 2012

Michael McDonnell, Esq.
5150 Tamiami Trail North, Suite 501
Naples, FL 34103

Charles Murray, Esq.
27499 Riverview Center Blvd, Suite 113
Bonita Springs, FL 34134

# FILED

**MAY 18 2012**

**Clerk, U.S. District and
Bankruptcy Courts**

Re: <u>United States v. Thomas Anderson Bowdoin, Jr.</u>, 10 CR 320 (RMC)

Dear Mr. McDonnell and Mr. Murray:

This letter sets forth the full and complete plea offer to your client, Thomas Anderson Bowdoin, Jr. (hereinafter referred to as "your client" or "defendant") from the Criminal Division of the Office of the United States Attorney for the District of Columbia (hereinafter referred to as "the Government" or "this Office"). If your client accepts the terms and conditions of this offer, please have your client execute this document in the space provided below. Upon receipt of the executed document, this letter will become the Plea Agreement. The terms of the offer are as follows:

1. **Charges and Statutory Penalties**. Your client agrees to plead guilty to Count 1 in the Indictment, charging a violation of 18 U.S.C. § 1343 (Wire Fraud).

Your client understands that 18 U.S.C. § 1343 carries a maximum sentence of 20 years of imprisonment; a fine of $250,000 or twice the pecuniary gain or loss (pursuant to 18 U.S.C. § 3571 (b) (3) & (d)); a $100 special assessment; a 3-year term of supervised release; an order of restitution; and an obligation to pay any applicable interest or penalties on fines or restitution not timely made.

2. **Factual Stipulations**. Your client agrees that the attached "Statement of Offense" fairly and accurately describes your client's actions and involvement in the offense to which your client is pleading guilty. It is anticipated that, before or during the plea hearing, your client will adopt and sign the Statement of Offense as a written proffer of evidence.

3. **Additional Charges**. In consideration of your client's plea to the above offense, your client will not be further prosecuted criminally by this Office for the conduct set forth in the attached Statement of Offense. Your client agrees that, with respect to any and all dismissed charges, your client is not a "prevailing party" within the meaning of the "Hyde Amendment," § 617, P.L. 105-119 (Nov. 26, 1997), and will not file any claim under that law.

### 4. Agreed Sentence Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C).

Pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, your client and the Government agree that a sentence of no greater than 78 months' incarceration, followed by 3 years of supervised release, is the appropriate sentence for the offense to which your client is pleading guilty. This Plea Agreement with respect to the appropriate sentence affects only the term of incarceration and supervised release. The Court may impose other applicable statutory provisions as part of the sentence, including specifically fines and other conditions of supervised release.

#### A. Acceptance of Agreement by the Court

The Government agrees, pursuant to Rule 11(c)(1)(C), to present this Plea Agreement between the parties to the Court for its approval. In accordance with Rule 11(c)(4) and (5), the Court may accept or reject this plea agreement. If the Court accepts the Plea Agreement, the Court will sentence your client to not more than 78 months' incarceration, followed by 3 years of supervised release. The parties agree that this Office and your client retain their full rights to allocute for a sentence of up to, but not more than, 78 months' incarceration. Your client understands, however, that the sentence to be imposed within the range to which the parties agree in this Plea Agreement is a matter solely within the discretion of the Court. The parties further agree that the sentence imposed within that range will be determined by the Court after considering the factors set forth in 18 U.S.C. § 3553(a) and the applicable guideline range under the United States Sentencing Commission, Guidelines Manual (2011) (hereinafter "Sentencing Guidelines" or "U.S.S.G."), discussed below. Your client understands that if the Court accepts this agreement, then the Court will embody in the judgment and sentence the disposition provided for in this Plea Agreement, pursuant to Rule 11(c)(4) of the Federal Rules of Criminal Procedure.

#### B. Rejection of this Agreement by the Court

The parties understand that the Court may not agree that the sentence agreed to by the parties is an appropriate one and may reject the Plea Agreement pursuant to Rule 11(c)(5) of the Federal Rules of Criminal Procedure. Your client understands that if this happens, the Court, in accordance with the requirements of Rule 11(c)(5), will inform the parties of its rejection of the Plea Agreement, and will afford your client an opportunity to withdraw the plea or maintain the plea. If your client elects to maintain the plea, the Court will inform your client that a final disposition may be less favorable to your client than that contemplated by this Plea Agreement. Your client further understands that if the Court rejects the Plea Agreement, the Government also has the right to withdraw from this Plea Agreement and to be freed from all obligations under the agreement, and may in its sole discretion bring different or additional charges before the defendant enters any guilty

2

plea in this case.

       If the Court rejects the Plea Agreement, your client elects to maintain his plea, and the Government does not exercise its right to withdraw from the Plea Agreement, the parties agree that your client will be sentenced upon consideration of the factors set forth in 18 U.S.C. § 3553(a) and the Sentencing Guidelines. The Government agrees that it will not seek an upward departure from the stipulated Sentencing Guidelines range set forth in Paragraph 6, below. Similarly, your client agrees not to seek a downward departure from the stipulated Sentencing Guidelines range. Your client understands and acknowledges that the terms of this paragraph apply only to conduct that occurred before the execution of this Plea Agreement. Should your client commit any conduct after the execution of this Plea Agreement that would form the basis for an increase in your client's base offense level or justify an upward departure (examples of which include, but are not limited to, obstruction of justice, failure to appear for a court proceeding, criminal conduct while pending sentencing, and false statements to law enforcement agents, the probation officer, or Court), the Government is free under this Plea Agreement to seek an increase in the base offense level based on that post-agreement conduct.

       5.  **Court Not Bound by the Sentencing Guidelines**. Your client understands that if the Court does not accept this Plea Agreement and the parties elect to maintain the plea, then the sentence in this case will be imposed in accordance with 18 U.S.C. §§ 3553(a) and 3553(c) through (f), pursuant to the Sentencing Guidelines. Your client further understands that, in that case, the sentence to be imposed is a matter solely within the discretion of the Court, and the Court is not obligated to impose a sentence within the Sentencing Guidelines range or to follow any recommendation of the Government at the time of sentencing.

       6.  **Sentencing Guidelines Stipulations**. In accordance with Paragraph 4 above, your client understands that, but for the above-described agreed sentence pursuant to Rule 11(c)(1)(C), the sentence in this case would be determined by the Court, pursuant to the factors set forth in 18 U.S.C. § 3553(a), including a consideration of the guidelines and policies promulgated by the Sentencing Guidelines. Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B), and to assist the Court in determining the appropriate sentence, the parties stipulate to the following:

      A.  **Offense Level Under the Guidelines**

      The parties agree that the following Sentencing Guidelines sections apply:

| | | |
|---|---|---|
| 2B1.1(a)(1) | Base Offense Level | 7 |
| 2B1.1(b)(1)(M) | Loss of more than $50 million | 24 |
| 2B1.1(b)(2)(C) | 250 or more victims | 6 |
| | Total | 37 |

3

Acceptance of Responsibility: 3-level reduction. The Government agrees that a 3-level reduction would be appropriate, pursuant to U.S.S.G. § 3E1.1, provided that your client clearly demonstrates acceptance of responsibility, to the satisfaction of the Government, through your client's allocution, adherence to every provision of this Agreement, and conduct between entry of the plea and imposition of sentence.

In accordance with the above, the applicable Guidelines Offense Level will be at least be 34.

### B.       Criminal History Category

Based upon the information now available to this Office (including representations by the defense), your client has the following criminal convictions:

On October 6, 1997, Mr. Bowdoin pled guilty to one count of securities fraud in Montgomery County, Alabama, and was sentenced to pre-trial diversion with 3 years supervised probation and ordered to pay $15,000 restitution.

On January 11, 1999, Mr. Bowdoin pled guilty to one count of sale of unregistered securities in Wilcox County, Alabama, and was sentenced to 1 year in prison, execution of which was suspended in lieu of 3 years supervised probation, and ordered to pay $75,000 in restitution.

In accordance with the above, your client's Criminal History Category is II.

### C.       Applicable Guideline Range

Based upon the calculation set forth above, your client's stipulated Sentencing Guidelines range is 168 months to 210 months (the "Stipulated Guidelines Range") in Zone D of the Sentencing Guidelines. In addition, the parties agree that, should the Court impose a fine, at Guidelines level 34, the applicable fine range is $17,500 to $175,000.

7. **Reservation of Allocution.** Your client understands that subject to the provisions of Paragraph 4 of this Plea Agreement, this Office reserves its full right of allocution for purposes of sentencing in this matter. In addition, if in this Plea Agreement the Government has agreed to recommend or refrain from recommending to the Court a particular resolution of any sentencing issue, the Government reserves its right to full allocution in any post-sentence litigation in order to defend the Court's ultimate decision on such issues. Your client further understands that the Government retains its full right of allocution in connection with any post-sentence motion which may be filed in this matter and/or any proceeding(s) before the Bureau of Prisons.

8. **Financial Arrangments**:

### A.     Restitution

In addition to the other penalties provided by law, the Court must order that your client make restitution under 18 U.S.C. § 3663A. Payments of restitution shall be made to the Clerk of the Court. Your client agrees that, within 10 days of the execution of this plea agreement, he will submit a completed financial statement to the Government, in a form it provides and as it directs. Your client promises that his financial statement and disclosures will be complete, accurate, and truthful.

Your client expressly authorizes the Government to obtain a credit report on him in order to evaluate his ability to satisfy any financial obligations imposed by the Court or agreed to herein.

Your client understands and agrees that the restitution or fines imposed by the Court will be due and payable immediately and subject to immediate enforcement by the Government. If the Court imposes a schedule of payments, your client understands that the schedule of payments is merely a minimum schedule of payments and will not be the only method, nor a limitation on the methods, available to the Government to enforce the criminal judgment. If your client is sentenced to a term of imprisonment by the Court, your client agrees to participate in the Bureau of Prisons' Inmate Financial Responsibility Program, regardless of whether the Court specifically directs the participation or imposes a schedule of payments.

Your client certifies that he has made no transfer of assets in contemplation of this prosecution for the purpose of evading or defeating financial obligations that are created by the Plea Agreement and/or that may be imposed upon him by the Court. In addition, your client promises that he will make no such transfers in the future until he has fulfilled the financial obligations under this agreement.

### B.     Forfeiture

(i)  Your client agrees to the forfeiture set forth in the Forfeiture Allegation in the Criminal Information/Indictment to which he is pleading guilty. Specifically, your client agrees to the forfeiture of a money judgment to be entered against him in favor of the United States of America for a sum of money equal to the value of all property, real or personal, which constitutes or is derived from proceeds traceable to the violation to which your client is pleading guilty. The Court will determine the amount of the money judgment at sentencing. Any forfeiture imposed as part of your client's sentence for his conviction in this case will be credited with any forfeiture already decreed of any property constituting or derived from proceeds traceable to the violation to which defendant is pleading guilty.

(ii) Additionally, your client consents to the forfeiture of all of his interest, whatever it might be, in any and all items seized by any law enforcement agent during the investigation leading up to your client's arrest on the charge to which he is pleading guilty, including anything seized after that arrest. Although not limited to this, your client's consent includes his waiver, hereby, of any objection he might be able to make to the conduct of any forfeiture process for any or all of these items, including a failure to give your client timely notice during the conduct of any forfeiture proceedings, whether administrative or judicial. As part of this consent, your client additionally agrees to the following: (1) he will take no action to challenge the existing judgments in these actions in the United States District Court for the District of Columbia: (a) United States v. 8 Gilcrease Lane, Civil Action No. 08-1345 (RMC), (b) United States v. 2 North Adams Street, Quincy, Florida, Civil Action No. 08-2205 RMC, and (c) United States v. Funds Totaling $496,505.34, No. 1:10-cv-02147-RMC; (2) your client will not take any such action through a third party; and (3) your client will take whatever action this office requests so that a complete judgment of forfeiture is entered in United States v. Funds Totaling $496,505.34, No. 1:10-cv-02147-RMC, particularly with regard to forfeiture of the defendant property totaling $496,505.34, and your client will take no action to oppose the forfeiture of all defendant properties in this action.

(iii) Your client agrees that the proffer of evidence supporting your client's guilty plea is sufficient evidence to support this forfeiture. Your client agrees that the Court may enter a preliminary Consent Order of Forfeiture for this property at the time of his guilty plea or at any time before sentencing. Your client agrees that the Court will enter a Final Order of Forfeiture for this property as part of his sentence.

(iv) Your client agrees that this plea agreement permits the government to seek to forfeit any of his assets, real or personal, that are subject to forfeiture under any federal statute, whether or not this agreement specifically identifies such an asset. Regarding any asset or property, whether identified specifically in this plea agreement or not, your client agrees to forfeiture of all interest in (1) any property, real or personal, which constitutes or is derived from proceeds traceable to the violation to which defendant is pleading guilty, and (2) any substitute assets for property otherwise subject to forfeiture. Forfeiture of such property is authorized by the provisions of 18 U.S.C. § 981 and 28 U.S.C. § 2461.

(v) By this plea agreement, your client agrees that he has waived any and all interest he has in these assets or properties. Your client consents to their forfeiture by whatever process the government chooses. Your client agrees that the government may use this waiver and consent in any administrative or judicial forfeiture proceeding, whether criminal or civil, state, local or federal. If your client already has filed a claim to any of these assets or property in any forfeiture process, he hereby agrees to withdraw it. He also agrees that he will not file a claim to any of these assets or property in any future forfeiture proceeding of whatever type. In the event that the law enforcement agency having custody of the property decides not to pursue forfeiture of the property for any reason, your client hereby abandons any interest he has in such property and consents to its destruction by the law enforcement agency.

(vi)  Your client agrees that the government may choose in its sole discretion how it wishes to accomplish forfeiture of the property to which forfeiture he has consented in this plea agreement, whether by criminal or civil forfeiture, using judicial or non-judicial forfeiture processes.  If the government chooses to effect the forfeiture provisions of this plea agreement through the criminal forfeiture process, your client agrees to the entry of orders of forfeiture for such property and waives the requirements of Federal Rule of Criminal Procedure 32.2 regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment.  Your client understands that the forfeiture of assets is part of the sentence that may be imposed in this case, and he waives any failure by the Court to advise him of this, pursuant to Federal Rule of Criminal Procedure 11(b)(1)(J), at the time of his guilty plea.

(vii)  Your client agrees to take all necessary actions to identify all assets over which your client exercises or exercised control, directly or indirectly, at any time since August 1, 2006, or in which your client has or had during that time any financial interest.  Your client will complete and provide to the undersigned Assistant United States Attorney a standard financial disclosure form, which has been provided to you with this plea agreement, within 10 days of the execution of this plea agreement.  Your client agrees to take all steps as requested by the Government to obtain from any other parties by any lawful means any records of assets owned at any time by your client.  Your client agrees to provide and/or consent to the release of your client's tax returns for the previous five years.  Your client agrees to take all steps as requested by the Government to pass clear title to forfeitable interests or to property to the United States and to testify truthfully in any judicial forfeiture proceeding.

(viii)  Your client agrees to waive all constitutional and statutory challenges in any manner (including, but not limited to, direct appeal) to any forfeiture carried out in accordance with this plea agreement on any grounds, including that the forfeiture constitutes an excessive fine or punishment.

(ix)  The United States Attorney's Office agrees to make a non-binding recommendation to the Asset Forfeiture and Money Laundering Section at the Department of Justice that any monies obtained from the defendant through forfeiture be distributed to the victim or victims of the offense in accordance with any restitution order entered in this case.

9. **Waiver of Rights**. Your client represents to the Court that his attorney has rendered effective assistance. Your client understands that by pleading guilty in this case he agrees to waive certain rights afforded by the Constitution of the United States and/or by statute, including the right to plead not guilty and the right to a jury trial. At trial, your client would have the right to be represented by counsel, to confront and cross-examine witnesses against him, to compel witnesses to appear for the purpose of testifying and presenting other evidence on your client's behalf, and to choose whether to testify himself. If your client chose not to testify at a jury trial, your client would have the right to have the jury instructed that his failure to testify could not be held against him. Your client would further have the right to have the jury instructed that your client is presumed innocent until proven guilty, and that the burden would be on the United States to prove his guilt beyond a reasonable doubt. If your client was found guilty after a trial, your client would have the right to appeal his conviction.

Your client understands that the Fifth Amendment to the Constitution of the United States protects your client from the use of self-incriminating statements in a criminal prosecution. By entering a plea of guilty, your client knowingly and voluntarily waives or gives up his right against self-incrimination.

10. **Breach of agreement**. Your client understands and agrees that if, after entering this Plea Agreement, your client fails specifically to perform or to fulfill completely each and every one of your client's obligations under this Plea Agreement, or engages in any criminal activity prior to sentencing, your client will have breached this Plea Agreement. In the event of such a breach: (a) the Government will be free from its obligations under this Plea Agreement; (b) your client will not have the right to withdraw the guilty plea; (c) your client shall be fully subject to criminal prosecution for any other crimes, including perjury and obstruction of justice; and (d) the Government will be free to use against your client, directly and indirectly, in any criminal or civil proceeding, all statements made by your client and any of the information or materials provided by your client, including such statements, information and materials provided pursuant to this Plea Agreement or during the course of any debriefings conducted in anticipation of, or after entry of this Plea Agreement, including your client's statements made during the January 2009 and February 2009 debriefings between the Government and your client, as well as during proceedings before the Court pursuant to Fed. R. Crim. P. 11.

Your client acknowledges discussing with you Fed. R. Crim. P. 11(f) and Federal Rule of Evidence 410, rules which ordinarily limit the admissibility of statements made by a defendant in the course of plea discussions or plea proceedings if a guilty plea is later withdrawn. Your client knowingly and voluntarily waives the rights which arise under these rules.

Your client understands and agrees that the Government shall only be required to prove a breach of this Plea Agreement by a preponderance of the evidence. Your client further understands and agrees that the Government need only prove a violation of federal, state, or local criminal law by probable cause in order to establish a breach of this Plea Agreement.

Nothing in this Plea Agreement shall be construed to permit your client to commit perjury, to make false statements or declarations, to obstruct justice, or to protect your client from prosecution for any crimes not included within this Plea Agreement or committed by your client after the execution of this Plea Agreement. Your client understands and agrees that the Government reserves the right to prosecute your client for any such offenses. Your client further understands that any perjury, false statements or declarations, or obstruction of justice relating to your client's obligations under this Plea Agreement shall constitute a breach of this Plea Agreement. However, in the event of such a breach, your client will not be allowed to withdraw this guilty plea.

11. **Conditions of Release:**

The government will take no position on whether your client will be incarcerated pending sentencing. The final decision regarding your client's bond status or detention will be made by the Court at the time of your client's plea of guilty. The Government may move to change your client's conditions of release if your client engages in further criminal conduct prior to sentencing or if the Government obtains information that it did not possess at the time of your client's plea of guilty and that is relevant to whether your client is likely to flee or to pose a danger to any person or the community.

The parties agree that the following conditions are appropriate if the Court allows your client to remain on release pending sentencing and as part of any sentence that includes a period of probation or term of supervised release:

      a.      Your client shall not participate in any business venture using the internet, multi-level marketing, or mass marketing;

      b.      Upon the Government's request, your client agrees to engage, at his expense, an independent auditor to conduct an audit on any business venture that he owns or operates;

      c.      Your client agrees not to incur new credit charges or open additional lines of credit without approval of the probation officer; and

      d.      Your client agrees to provide the probation officer access to any requested financial information.

12. **Waiver of Statute of Limitations**. It is further agreed that should the conviction following your client's plea of guilty pursuant to this Plea Agreement be vacated for any reason, then any prosecution related to this case that is not time-barred by the applicable statute of limitations on the date of the signing of this Plea Agreement (including any counts that the Government has agreed not to prosecute or to dismiss at sentencing pursuant to this Plea Agreement) may be commenced or reinstated against your client, notwithstanding the expiration of the statute of limitations between the signing of this Plea Agreement and the commencement or reinstatement of such prosecution. It is the intent of this Plea Agreement to waive all defenses based on the statute of limitations with respect to any prosecution related to this case that is not time-barred on the date that this Plea Agreement is signed.

13. **Waiver of Appeal**. Your client is aware that federal law, specifically 18 U.S.C. § 3742, affords your client the right to appeal the sentence in this case. Your client is aware that the Government's factual stipulations and predictions about the calculation of the sentencing guidelines are not binding on the sentencing judge. Knowing that, your client waives the right to appeal his sentence or the manner in which it was determined pursuant to 18 U.S.C. § 3742, except to the extent that (a) the Court sentences your client to a period of imprisonment longer than the statutory maximum, or (b) the Court departs upward from the applicable Sentencing Guideline range pursuant to the provisions of U.S.S.G. §5K2.0, or based on a consideration of the sentencing factors set forth in 18 U.S.C. § 3553(a). Further, your client reserves the right to make a collateral attack upon your client's sentence, pursuant to 28 U.S.C. § 2255, if new and currently unavailable information becomes known to him. In agreeing to this waiver, your client is aware that your client's sentence has yet to be determined by the Court. Realizing the uncertainty in estimating what sentence the Court ultimately will impose, your client knowingly and willingly waives your client's right to appeal the sentence, to the extent noted above, in exchange for the concessions made by the Government in this Plea Agreement.

14. **Complete Agreement**. No other agreements, promises, understandings, or representations have been made by the parties or their counsel than those contained in writing herein, nor will any such agreements, promises, understandings, or representations be made unless committed to writing and signed by your client, defense counsel, and an Assistant United States Attorney for the District of Columbia.

Your client further understands that this Plea Agreement is binding only upon the Criminal and Superior Court Divisions of the United States Attorney's Office for the District of Columbia. This Plea Agreement does not bind the Civil Division of this Office or any other United States Attorney's Office, nor does it bind any other state, local, or federal prosecutor. It also does not bar or compromise any civil, tax, or administrative claim pending or that may be made against your client.

If the foregoing terms and conditions are satisfactory, your client may so indicate by signing this Plea Agreement in the space indicated below and returning the original to me once it has been signed by your client and by you or other defense counsel.

Sincerely,

Ron C. Machen KA

RONALD C. MACHEN JR.
United States Attorney

SETH B. WAXMAN
ALLISON BARLOTTA
Assistant United States Attorneys

11

### Defendant's Acceptance

I have read this Plea Agreement and discussed it with my attorneys, Michael McDonnell, Esq. and Charles Murray, Esq. I fully understand this Plea Agreement and agree to it without reservation. I do this voluntarily and of my own free will, intending to be legally bound. No threats have been made to me nor am I under the influence of anything that could impede my ability to understand this Plea Agreement fully. I am pleading guilty because I am in fact guilty of the offense(s) identified in this Plea Agreement.

I reaffirm that absolutely no promises, agreements, understandings, or conditions have been made or entered into in connection with my decision to plead guilty except those set forth in this Plea Agreement. I am satisfied with the legal services provided by my attorney in connection with this Plea Agreement and matters related to it.

_____
Date

Thomas Anderson Bowdoin, Jr.
Defendant

### Attorney's Acknowledgment

I have read each of the pages constituting this Plea Agreement, reviewed them with my client, and discussed the provisions of the Agreement with my client, fully. These pages accurately and completely set forth the entire Plea Agreement. I concur in my client's desire to plead guilty as set forth in this Plea Agreement.

_____
Date

Michael McDonnell, Esq.
Charles Murray, Esq.
Counsel for Thomas Anderson Bowdoin, Jr.

12